FILED

06/29/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0605

# SYNOPSIS OF THE CASE[1]

**2022 MT 128, DA 21-0605: BOARD OF REGENTS OF HIGHER EDUCATION OF THE STATE OF MONTANA,** Petitioner and Appellee, v. **THE STATE OF MONTANA, by and through Austin Knudsen, in his official capacity as Attorney General of the State of Montana,** Respondent and Appellant.

The Montana Supreme Court has ruled that the Montana Board of Regents has the sole authority to set policy regarding the possession of firearms on the Montana University System property.

The unanimous Court held that the Montana Constitution specifically provides that government and control of the university system is vested in the Board of Regents, who shall have "full power, responsibility and authority to supervise, manage, and control" Montana's universities and colleges.

This case arises from House Bill 102 (HB 102), enacted by the 2021 Legislature, which generally revised gun laws with respect to open and concealed carry of firearms. As it relates to the Board of Regents (Board) and the Montana University System (MUS), HB 102 nullified a Board policy that limited the use of and access to firearms on MUS campuses (Board Policy 1006).

The Board sought a declaration from the District Court that HB 102 was unconstitutional as applied to the Board, the MUS, and the campuses of the MUS, because the Board was constitutionally vested with full responsibility to manage and control the MUS and its properties. The State argued that the Board did not have exclusive authority to regulate firearms on campuses. The District Court concluded that HB 102 violated the Board's constitutional authority to regulate MUS campuses and thus was unconstitutional as applied to the Board. The State appealed.

Answering the narrow issue on appeal—the scope of the Board's authority—the Court held that campus safety and security is an integral responsibility of the Board of Regents' constitutional authority.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.